UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL EDWARD SORVIK ET AL.,<br>Plaintiffs,<br>v.<br>KENNEWICK SCHOOL DISTRICT NO 17 ET AL.,<br>Defendants. | Case No. 3:26-cv-06120-TMC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Before the Court are pro se Plaintiffs Paul Edward Sorvik's and Nezha Chad Belouahed's motions to appoint counsel (collectively, "Plaintiffs"). Dkts. 2, 4. For the reasons explained below, the Court DENIES these motions.

## I. BACKGROUND

Plaintiffs filed this case on September 15, 2026. Dkt. 1. Plaintiffs allege that Defendants Kennewick School District No. 17, Richland School District No. 400, and the Washington State Office of Administrative Hearings took adverse actions against them after they reported bullying, inadequate supervision, and religious and nationality discrimination involving their five-year-old child. *See generally id.* Plaintiffs assert claims for alleged violations of their rights under the

First and Fourteenth Amendments to the U.S. Constitution through 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and Title VI of the Civil Rights Act. *See id.* ¶¶ 62–92.

Plaintiffs filed motions for court-appointed counsel contemporaneously with their complaint on September 15, 2026. Dkts. 2, 4. Plaintiffs explain that they tried to find counsel by contacting more than 285 law firms and legal-aid organizations between March 1 and August 1, 2026. *See* Dkt. 2 at 2 ("At least 94 declined, at least 174 did not respond, and 17 could not be delivered. No attorney has agreed to appear.").

## II. DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied*, 545 U.S. 1128

(2005). While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. *Rand*, 113 F.3d at 1525. They must show that they are unable to articulate their position because of the complexity of claims. *Id.*

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the requirements of the Civil Rights Act. Although the Court understands the difficulty Plaintiffs face in finding counsel and appreciates the financial information they have provided, their case does not currently meet those requirements for the reasons below:

First, the Court does not possess sufficient information to evaluate the likelihood of success of Plaintiffs' case on the merits. The case has not proceeded beyond the pleading stage. *See Burrus v. Jackson*, No. 2:23-cv-01968-BHS-GJL, 2024 WL 3069369, at *2 (W.D. Wash. June 20, 2024) ("Because it is so early, the Court cannot determine the complexity of the legal issues involved, the need for counsel to aid in any discovery, or the potential need for an evidentiary hearing in this case."). The Court has not yet reviewed the parties' evidence about those claims or had an opportunity to hear Defendants' positions on their merits.

Second, Plaintiffs have not identified circumstances rendering their case of complexity sufficient to warrant appointment of counsel. They have so far demonstrated they are able to file pleadings and motions in the case and explain the basis for their allegations. Plaintiffs have filed a 45-page complaint that is well-written, explains their allegations in detail, and cites the case law they contend supports their claims. While Plaintiffs may benefit from the help of legal counsel as pro se litigants, they have not shown that this case presents the type of extraordinary circumstances sufficient to require designation of counsel. *See id.*; *Agyeman*, 390 F.3d at 1103–04; *Rand*, 113 F.3d at 1525.

## III. CONCLUSION

Future motions practice or other proceedings may allow the Court to better evaluate the merits of Plaintiffs' claims. But on balance, at this stage of the litigation, this case does not present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES the motions to appoint counsel (Dkts. 2, 4). This does not prevent Plaintiffs from bringing another motion for appointed counsel at a later stage of the case if circumstances change.

The Court encourages Plaintiffs to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se. To the extent Plaintiffs seek assistance with this matter, Plaintiffs may contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of October, 2026.

Tiffany M. Cartwright
United States District Judge